HARRY P. KELLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6891. Promulgated December 23, 1927.

*George D. Wick, Esq.,* for the petitioner.

*P. M. Clark, Esq.,* and *C. C. Holmes, Esq.,* for the respondent.

## OPINION.

PHILLIPS: The evidence conclusively establishes that the petitioner in 1919, with the consent of his partner, assigned his partnership interest in the Kelley Brothers Coal Co. to his children and ceased to be a partner in that company and that he was not such a partner in 1920. The respondent was in error in treating one-half of the income of the partnership as taxable to petitioner.

It is also contended that this partnership owned a one-quarter interest in another partnership known as the Lucas Coal Co., which interest passed under the assignment of petitioner's interest in the Kelley Brothers Coal Co. It appears that the investment made in the Lucas Coal Co. by the Kelley Brothers Coal Co., or by the individual members of the latter partnership, was from funds advanced by the Kelley Brothers Coal Co. and that this investment was carried on the books of this partnership as a partnership asset. The assignees treated the one-eighth interest in the Lucas Coal Co. as their property. Whether it can properly be said that an assignment of an interest in one partnership will create the assignees partners in another partnership may be doubted. The assignment would, however, be sufficient to entitle the assignees to receive the profits. (See Uniform Partnership Act of Pennsylvania, P. L. 18, part 5, section 26, Act of March 26, 1915; *William W. Parshall v. Commissioner*, 7 B. T. A. 318.) Moreover, it seems that the assignees have been treated as partners in the Lucas Coal Co., all of the partners being of the same family. In such circumstances, we are of the opinion that error was committed in computing income upon the basis of treating petitioner as entitled to receive any part of the profits from the Lucas Coal Co.

*Decision will be entered accordingly upon 15 days' notice, under Rule 50.*

Considered by MARQUETTE, MILLIKEN, and VAN FOSSAN.